## MATTER OF ZAPLETALOVA

### In Visa Petition Proceedings

### A-14847794

#### *Decided by Board June 13, 1967*

Since under the law of Czechoslovakia in 1920 adoption was effected by a court decree, the mere bringing into the household in 1920 of a child and the rearing of him does not constitute an adoption for immigration purposes.

ON BEHALF OF SERVICE: R. A. Vielhaber
Appellate Trial Attorney
(Oral argument)

The case comes forward on oppeal from the order of the District Director, New York District, dated February 14, 1967 denying the visa petition because the petitioner is not considered to be a brother of the beneficiary within the meaning of section 203(a) (5) and section 101(b) (1) (E) for the reason that no evidence has been submitted to establish that the petitioner was legally adopted by the parents of the beneficiary.

The petitioner, a native and citizen of Czechoslovakia, born January 28, 1920, became a naturalized citizen of the United States on March 2, 1953. He seeks preference quota status on behalf of the beneficiary as his sister by virtue of the fact that he was the adopted son of the parents of the beneficiary. The beneficiary is a native and citizen of Czechoslovakia, born December 14, 1916.

At oral argument the petitioner indicated that he was not aware that his adoptive mother was not his true mother or that the beneficiary was not his true sister until he was seven years old. He does not know whether there were any court adoption proceedings.

The petitioner has submitted a document from the Local National Committee, Department for Internal Affairs, at Nitra, Czechoslovakia which confirms at the request of the beneficiary that Desider (David) Weisz, the petitioner, was adopted in 1920 shortly after the death of his mother, Hermine, who died May 19, 1920, by his aunt, Fany Weisz, and uncle, Ignac Weisz, the parents of the beneficiary. They brought him up during his childhood with their own five children,

of whom only the beneficiary is living. The document further sets forth that the mother of the petitioner and the mother of the beneficiary were really sisters and the father of the petitioner and the father of the beneficiary were really brothers. This document is confirmed by the local Jewish community and confirmed by the chief of the Jewish community at Nitra. This document was executed under oath on February 20, 1967.

A second document is an attestation under the seal of the Jewish religious community at Nitra that the petitioner was adopted in the year of 1920 by his aunt and uncle, Fany and Ignac Weisz, raised them together with their five children of which only the beneficiary is living. As a result of the wartime circumstances and deportation of the whole Weisz family to concentration camps, the confirmation of adoption was lost. The document also recites that the mother of the petitioner and of the beneficiary were sisters and their fathers were brothers. The attestation is given at the request of the beneficiary.

There is also a third document entitled Declaration of Honour executed by the beneficiary and her husband before the National Committee at Nitra, Department for Internal Affairs dated August 12, 1966 declaring that the petitioner was adopted and brought up by the beneficiary's parents, that the fathers and mothers of the petitioner and the beneficiary were brothers and sisters, respectively.

The burden of proving the relationship upon which benefits are sought under the immigration laws rests upon the petitioner. The petitioner has submitted his own Czechoslovakian birth certificate which contains no notation of adoption, the beneficiary's birth certificate as well as the beneficiary's marriage certificate. Apparently, these documents relating to vital statistics are available.

Under the law of Czechoslovakia, which was in force prior to May 16, 1928 anyone who was capable of legal adoption, could adopt any person, provided the person adopted was 16 years his junior. The consent of the guardian of the child, the consent of the natural parents, and the consent of the minor, provided he was older than 14 years, was required. *Decrees of the Hungarian Minister of Justice, 15, 389 of 1890.* The consent of the Guardian Office was regulated by Articles 20 and 113 of Law No. 20 of 1877, Guardianship Laws. Adoption was a local court proceeding.[1]

The only evidence submitted by the petitioner to establish an adoption discloses that the petitioner was raised by his aunt and uncle, the beneficiary's parents, after the death of his mother. It is also alleged that he was adopted but there has been no legal evidence presented of

[1] This information was supplied by the Library of Congress, European Law Division, Dr. Ruhmann.

259

the adoption. It has not been shown that official records relating to the alleged adoption are unavailable inasmuch as other documents relating to vital statistics were readily obtainable. Insofar as official records show, there does not appear to have been any legal adoption under the laws of Czechoslovakia. The visa petition will be denied without prejudice to reopening in the event that official evidence establishes that adoption records were destroyed or unobtainable. If such evidence is produced, a motion to reopen together with additional evidence of adoption will be entertained.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.